*213
 
 Pearson, J.
 

 In September, 1848, the testator died, leaving the defendant his executor. In October, 1848, the defendant sold perishable property to the amount of six hundred dollars (before he qualified.) He proved the will and qualified in December, 1848, and sold land to the amount of six hundred dollars in January, 1849, under a power given by the will. In March, 1849, he obtained" an order of the County Court to sell the slaves, and made a sale of the slaves on the 31st of that month, upon a credit of six months. The plaintiff commenced his action in May, 1849. The defendant took time to plead under the statute, and in September, 1849, he pleaded “ fully administered generally and specially — no assets — former judgments — debts of higher dignity — and no assets
 
 ultra-.”
 
 — and the question was, whether the issue upon his pleas should be found against him, because of the notes which he held for the proceeds of sale of the slaves, which were not due at the time of the plea
 
 pleaded;
 
 and whether the plaintiff was entitled to more than a judgment
 
 guando.
 
 His Honor was of opinion
 
 u
 
 that whatever might have been the consequence, if the defendant had pleaded specially the sale of the slaves on credit under the Act of Assembly, that none of his pleas were sustained by th e facte. ’ ’
 

 There is error — Rev. Statutes, ch. 46, sec. 11 — “where the estate of a deceased person shall be so far indebted that the debts cannot be discharged by the money on hand, or by the sale of the perishable commodities,” the executor is to obtain an order of the County Court and sell the slaves on a credit of six months, taking bond and security ; and the money, “
 
 when received shall be. liable for the satisfaction of judgments previously obtained, and entered up as judgments when assets should come to hand.”
 
 The executor is required to sell on a credit, and the right of a creditor to charge him with the value of the slaves, as
 
 assets in hand,
 
 is excluded by the provision that the amount of the sale notes,
 
 when
 
 received, shall be liable to judgments
 
 guando,
 
 previously entered.
 

 How far a question would be varied, if an executor was guilty of laches in not selling the slaves in a reasonable time, is a matter not now before us; for in this case there was no laches — the executor obtained the order of sale at the first Court after he quali
 
 *214
 
 fied, and sold as soon thereafter as he couldnnake advertisement.
 

 We can see no necessity for a
 
 “
 
 special plea,” because the statute evidently intends that the sale notes shall not be considered assets until they are collected, unless the executor or administrator is guilty of laches in not collecting ; and the issue is tendered by the plea of
 
 “
 
 no assets in hand, or debts of higher dignity, and no assets
 
 ultra”
 
 whereupon the- plaintiff may .join issue, or may take a judgment when assets come to hand — which he ought to have done in this case.
 

 Per Curiam. Judgment reversed, and
 
 venire de novo
 
 awarded.